OLF3 (Official Local Form 3)

## United States Bankruptcy Court
## District of Massachusetts

In re:

**Gorman, Susan J.**

Debtor(s)

Case No. _____

Chapter **13** _____

## CHAPTER 13 PLAN

Check one. This plan is:
**[X]** Original
**[ ]** _____ Amended (Identify First, Second, Third, etc.)
**[ ]** Postconfirmation (Date Order Confirming Plan Was Entered: _____)

Date this plan was filed: **October 29, 2019**

| PART 1: | NOTICES |
|---|---|

TO ALL INTERESTED PARTIES:
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

TO CREDITORS:
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney must file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. To receive a distribution, you must file a Proof of Claim.

TO DEBTOR(S):
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.
FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.

| 1.1 | A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | **[X]** Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.B.3 | [ ] Included | **[X]** Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | **[X]** Included | [ ] Not included |

| PART 2: | PLAN LENGTH AND PAYMENTS |
|---|---|

A.      LENGTH OF PLAN:

**[ ]** 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

OLF3 (Official Local Form 3)

[  ] 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

[X] <u>23</u> Months pursuant to 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause: **Debtor will pay all claims within 23 months.**

B.      PROPOSED MONTHLY PAYMENTS:

| Monthly Payment Amount | Number of Months |
|---|---|
| **194.00** | **23** |

C.      ADDITIONAL PAYMENT(S):

[X] None. If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.

Total amount of Payments to the Trustee [B+C]:                                    $ **4,462.00**
This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line (h).

| PART 3: | SECURED CLAIMS |
|---|---|

[X] None. If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.

| PART 4: | PRIORITY CLAIMS |
|---|---|

Check one.
[] None. If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.

[X] The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.

A.      DOMESTIC SUPPORT OBLIGATIONS:

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B.      OTHER PRIORITY CLAIMS (Except Administrative Expenses):

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total of Priority Claims (except Administrative Expenses) to be paid through this Plan: $**0.00**

C.      ADMINISTRATIVE EXPENSES:

   1.      ATTORNEY'S FEES:

| Name of Attorney | Attorney's Fees |
|---|---|
| **Ravosa Law Offices, P.C.** | **4,000.00** |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR, Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

   2.      OTHER (Describe):
           **None**
Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [1 + 2]:  $ **4,000.00**

   3.      TRUSTEE'S COMMISSION:

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

OLF3 (Official Local Form 3)

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

## PART 5:                              NONPRIORITY UNSECURED CLAIMS

Check one.
[X] None. If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.

## PART 6:                         EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Check one.
[ ] None. If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.

[X] The executory contract(s) and/or unexpired lease(s) listed are assumed and will be treated as specified below. Any other executory contract(s) and/or unexpired lease(s) is rejected. Postpetition contractual payments will be made directly by the Debtor(s). Arrearage payments will be disbursed by the Trustee.

A.      REAL PROPERTY LEASES:

| Name of Creditor | Lease Description | Arrears |
|---|---|---|
| **Donald Dupuis** | **Rental Lease** | **$0.00** |
| **Maria Ciarleglio** | **Rental Lease** | **$0.00** |

B.      MOTOR VEHICLE LEASES:

| Name of Creditor | Lease Description | Arrears |
|---|---|---|
| **None** | | |

C.      OTHER CONTRACTS OR LEASES:

| Name of Creditor | Lease Description | Arrears |
|---|---|---|
| **None** | | |

Total amount of arrears to be paid through this Plan: $ _____

## PART 7:                    POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

## PART 8:                              NONSTANDARD PLAN PROVISIONS

Check one.
[ ] None. If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.
[X] This Plan includes the following nonstandard provisions.Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.

The following Plan provisions are effective only if the box "Included" in Part 1, Line 1.3 is checked.
**1. Debtor is submitting a loan modification package to Shellpoint Mortgage Servicing, servicer for The Bank of New York Mellon. While the loan modification application is being processed, Debtor will be making adequate security payments for the contractual monthly payment amount of $3,548.31. If, after six months, Debtor has not received a loan modification,**

OLF3 (Official Local Form 3)

**Debtor will seek court approval to employ a real estate broker in order to find a buyer to sell the property. Debtor estimates she will then file a motion to sell the real estate within an additional six months.**

**2. Debtor will be filing a motion to avoid the judicial lien held by North Shore Fuel Co., Inc. Said judicial lien is recorded with the Essex County Registry of Deeds at Book 28810, Page 401. Said claim was discharged in Debtor's Chapter 7 case, Case No. 18-13295, and so the claim is not included in Part 5 of the Plan.**

**3. Holders of allowed secured claims must apply all post-petition payments received directly from the Debtors to post-petition obligations in accordance with the terms of the note and mortgage and/or security agreement, and in accordance with applicable non-bankruptcy law. No holder of an allowed secured claim may assess any penalty or late charge in respect of a post-petition payment made directly to such holder solely on the basis that the Debtors were, or are alleged to have been, in default under the terms of a note and mortgage and/or other security agreement on the date the person in this case was filed.**

**2.Post-petition payments made directly to a servicer of an allowed secured claim will be deemed timely made in the correct amount if actually received on or before the due date, including any grace period during which no late fee accrues, at the address, and in the amount, most recently specified in writing by the servicer.**

**3. No servicer of an allowed secured claim may seek to recover any deficiency alleged to exist in an escrow account (as in the terms "deficiency" and "escrow account" are defined in 24 C..F.R. § 3500.17(b)) on the petition date otherwise than by filing or amending a proof of claim to assert such deficiency as a pre-petition arrearage. Such servicer may nonetheless state the amount of any alleged deficiency in any escrow account statement furnished to the Debtor(s) without thereby being deemed to have violated this provision or 11 U.S.C. § 362(a).**

## PART 9:                                      SIGNATURES

By signing this document, the Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

| | |
|---|---|
| */s/ Gorman, Susan J.* | **October 29, 2019** |
| Debtor | Date |
| | **October 29, 2019** |
| Debtor | Date |

*/s/ Cynthia Ravosa*                                  **October 29, 2019**
Signature of attorney for Debtor(s)                        Date
Print name: **Cynthia Ravosa**
BBO Number (if applicable):**696996**
Firm name (if applicable):**Ravosa Law Offices, P.C.**
**1 South Ave Ste 1**
**Natick, MA  01760-4600**
Telephone:
Email Address:

The following Exhibits are filed with this plan:

[X] Exhibit 1: Calculation of Plan Payment*
[X] Exhibit 2: Liquidation Analysis*
[ ] Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
[ ] Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

List additional exhibits if applicable.

*denotes a required exhibit
**Denotes a required Exhibit if the box "Included"is checked in Part 1, Line 1.2.

Total number of Plan pages, including Exhibits: __6__

OLF3 (Official Local Form 3)

EXHIBIT 1

## CALCULATION OF PLAN PAYMENT

a) Secured claims (Part 3.A and Part 3.B.1-3 Total):    $ **0.00**

b) Priority claims (Part 4.A and Part 4.B Total):    $ **0.00**

c) Administrative expenses (Part 4.C.1 and Part 4.C.2 Total):    $ **4,000.00**

d) Nonpriority unsecured claims (Part 5.E Total):    $ **0.00**

e) Separately classified unsecured claims (Part 5.F Total):    $ **0.00**

f) Executory contract/lease arrears claims (Part 6 Total):    $ _____

g) Total of (a) +(b) + (c) + (d) + (e) + (f):    $ **4,000.00**

h) Divide (g) by .90 for total Cost of Plan including the Trustee's fee:    $ **4,444.44**

i) Divide (h), Cost of Plan, by term of Plan, **23** months:    $ **193.24**

j) Round up to the nearest dollar amount for Plan payment:    $ **194.00**


If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete (a) through (h) only and the following:


k) Enter total amount of payments the Debtor(s) has paid to the Trustee:    $ _____

l) Subtract line (k) from line (h) and enter amount here:    $ _____

m) Divide line (l) by the number of months remaining ( _____    $ _____
months):

n) Round up to the nearest dollar amount for amended Plan payment:    $ _____

Date the amended Plan payment shall begin:    _____

OLF3 (Official Local Form 3)

EXHIBIT 2

LIQUIDATION ANALYSIS

A.    REAL PROPERTY

| Address<br>(Sch. A/B, Part 1) | Value<br>(Sch. A/B, Part 1) | Total Liens<br>(Sch. D, Part 1) | Exemption Claimed<br>(Sch. C) |
|---|---|---|---|
| **7 Echo Pl, Lynn, MA 01905-1933** | **393,681.00** | **609,745.06** | **5,000.00** |

Total Value of Real Property (Sch. A/B, line 55):                    $ **393,681.00**
Total Net Equity for Real Property (Value Less Liens):               $ **0.00**
Less Total Exemptions for Real Property (Sch. C):                    $ **5,000.00**
                Amount Real Property Available in Chapter 7:         $ **0.00**

B.    MOTOR VEHICLES

| Make, Model and Year<br>(Sch. A/B, Part 2) | Value<br>(Sch. A/B, Part 2) | Amount of Liens<br>(Sch. D, Part 1) | Exemption<br>(Sch. C) |
|---|---|---|---|
| **None** | | | |

Total Value of Motor Vehicles:                                      $ **0.00**
Total Net Equity for Motor Vehicles (Value Less Liens):             $ **0.00**
Less Total Exemptions for Motor Vehicles (Sch. C):                  $ **0.00**
                Amount Motor Vehicle Available in Chapter 7:        $ **0.00**

C.    ALL OTHER ASSETS (Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)

| Asset | Value | Liens<br>(Sch. D, Part 1) | Exemption<br>(Sch. C) |
|---|---|---|---|
| **Above Ground Pool, Lawn Furniture, Gazebo, Swing, BBQ Pit, outsi** | **2,500.00** | **0.00** | **2,500.00** |
| **Bike, Carpentry Tools** | **50.00** | **0.00** | **50.00** |
| **Clothing** | **1,800.00** | **0.00** | **1,800.00** |
| **Dog** | **0.00** | **0.00** | **0.00** |
| **Engagement and Wedding Ring, Watches, Costume Jewerlry, Heirloom** | **2,000.00** | **0.00** | **2,000.00** |
| **Estimated 2019 Tax Refund** | **1,800.00** | **0.00** | **1,800.00** |
| **Household Goods and Furnishings** | **2,000.00** | **0.00** | **2,000.00** |
| **Nancy Reagan Letter, Wall Pictures, Lion King Collectibles, Grim** | **500.00** | **0.00** | **500.00** |
| **St. Jean's Credit Union- Acount ending in 7828** | **286.66** | **0.00** | **286.66** |
| **Usual Electronics** | **450.00** | **0.00** | **450.00** |

Total Value of All Other Assets:                                    $ **11,386.66**
Total Net Equity for All Other Assets (Value Less Liens):           $ **11,386.66**
Less Total Exemptions for All Other Assets:                         $ **11,386.66**
                Amount All Other Assets Available in Chapter 7:     $ **0.00**

D.    SUMMARY OF LIQUIDATION ANALYSIS

| Amount available in Chapter 7 | Amount |
|---|---|
| A. Amount Real Property Available in Chapter 7 (Exhibit 2, A.) | $ **0.00** |
| B. Amount Motor Vehicles Available in Chapter 7 (Exhibit 2, B.) | $ **0.00** |
| C. Amount All Other Assets Available in Chapter 7 (Exhibit 2, C.) | $ **0.00** |

                TOTAL AVAILABLE IN CHAPTER 7:                       $ **0.00**

E.    ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS: